**FILED**

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 2 0 2005 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X

CALVIN COLE,

              Petitioner,

    - against-

UNITED STATES OF AMERICA,

              Respondent.

------------------------------------------------------X

98 CV 7670 (SJ)

**MEMORANDUM
AND ORDER**

A P P E A R A N C E S:

CALVIN COLE
#50244-053
FCI Schuylkill, P.O. Box 759
Minersville, Pennsylvania 17954-0759
Petitioner, *Pro Se*

DONNA NEWMAN
121 West 27th Street, Suite 1103
New York, NY 10001
Trial counsel for Petitioner

UNITED STATES ATTORNEY'S OFFICE
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201
Attorneys for Respondent

JOHNSON, Senior District Judge:

      Petitioner Calvin Cole ("Petitioner"), acting *pro se*, has brought this motion for

habeas corpus, pursuant to 28 U.S.C. § 2255, challenging his conviction and his sentence

imposed under criminal docket number 94 CR 0802. For the reasons stated herein, the

Court reserves judgment on Ground Twelve of the petition pending a response from

Petitioner's trial counsel, Donna Newman, and further evidentiary submissions from

1

Petitioner. Petitioner's other claims are DENIED, as explained below.

## BACKGROUND

Petitioner was convicted on May 10, 1996 of being an accessory after the fact to murder, in violation of 18 U.S.C. § 3 (Count Three of the indictment), conspiring and attempting to obstruct commerce by robbery, and using and carrying a firearm during those offenses, in violation of 18 U.S.C. §§ 1951 and 924(c) (Counts Seven, Eight, and Nine). U.S. v. White et al., 113 F.3d 1230, 1997 WL 279972 (2d Cir. 1997). He was sentenced to 270 months imprisonment, three years supervised release, and a $200 special assessment. Id. The charges stemmed from the murder of an individual by the name of Sidney Velasquez and a number of robberies or attempted robberies. Id.

In his motion for habeas relief, including the original motion and supplemental filings, Petitioner claims that: 1) the indictment was obtained through use of perjured and misleading testimony before the grand jury by government witness Derrick Boalds; 2) government witnesses Collis Mickens and Derrick Boalds committed perjury during the trial; 3) the Court erred in failing to give a supplemental instruction regarding witnesses' credibility after providing the jury with a read-back of their direct trial testimony; 4) government witnesses were illegally induced to testify through promises of leniency; 5) the Court lacked jurisdiction to try Petitioner on Count Three of the indictment because the Count was included in a superseding indictment filed more than thirty days of Petitioner's arrest, which Petitioner alleges is in violation of 18 U.S.C. § 3161; 6) the evidence produced at trial did not support a conviction on Count Three of

2

the indictment, but rather was only sufficient to support a conviction for breaking and entering; 7) the Government committed prosecutorial misconduct by leading this Court to disregard the elements of Count Three; 8) the Court lacked subject matter jurisdiction over the offense charged in Count Three because there was no underlying offense against the United States; 9) the indictment and jury charges improperly omitted the term "against the United States" in reference to Count Three; 10) the state courts, not this Court, properly had subject matter jurisdiction over the charged offenses; 11) the Government committed prosecutorial misconduct by using improper language and expressing personal opinions as to Petitioner's guilt rather than relying on the evidence against Petitioner; 12) an uncounseled misdemeanor was improperly considered in determining Petitioner's criminal history category for sentencing purposes; 13) Petitioner's sentence was imposed in violation of <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004).[1] Most of these claims also have associated allegations of ineffective assistance of counsel, as discussed in further detail below.

## DISCUSSION

### I.    Perjury Before the Grand Jury

Petitioner asserts that Count Three of the indictment was obtained through use of perjurious and misleading testimony before the grand jury that gave the impression that

---

[1] These claims have been re-numbered from Petitioner's original enumeration in order to consolidate the claims listed in Petitioner's various filings. While Petitioner originally included ineffective assistance of counsel as a separate claim ("Ground Nine" in Petitioner's original habeas motion) encompassing multiple instances of ineffectiveness, the Court will address the alleged instances of ineffectiveness as they relate to Petitioner's other claims.

Petitioner was directly involved in the murder of Sidney Velasquez. (Mem. Law Supp. Pet. at 1–6; Pet. Repl. Govt. Resp. at IV.) This is a claim that could have been raised on appeal but was not, and so Petitioner must demonstrate "cause" and "prejudice" for the failure to raise the claims earlier. Bousley v. United States, 523 U.S. 614, 622–23 (1998). The only explanation Petitioner has offered for his failure to raise the claims earlier is the allegation that his trial and appellate counsel[2] was ineffective in failing to investigate and raise this issue at trial or on appeal. (Pet. Repl. Govt. Resp. at 55.) Since claims of ineffective assistance of counsel can be considered at this stage, Massaro v. U.S., 538 U.S. 500, 504 (2003), the Court will consider whether counsel's failure to raise this claim constituted ineffective assistance.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test to determine whether an attorney's performance was ineffective. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness . . . . under prevailing professional norms." Id. at 688. Thus, in order to satisfy the first prong of Strickland, Petitioner must overcome the strong presumption that the challenged action or inaction may be considered reasonable trial strategy. Id. at 689. Second, the defendant must show that counsel's performance prejudiced his defense. Id. at 689. To show prejudice, there must be a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding

---

[2] Petitioner was represented by the same attorney at trial and on appeal.

4

would have been different. Id. at 694. Thus, Petitioner must demonstrate that counsel

failed to raise significant and obvious issues that, if raised, would likely have been

successful. Mayo v. Henderson, 13 F.3d 528, 533-34 (2d Cir. 1994).

During the grand jury proceedings, Derrick Boalds stated, as Petitioner has

alleged, that Petitioner was "involved in" the murder of Sidney Velasquez. (Mem. Law

Supp. Pet. at 1; Mem. Law Opp'n § 2255 Mot. Ex. C at 41.) However, Boalds then went

on to clarify that he and Collis Mickens shot Velasquez, and that Petitioner was not

present when Velasquez was murdered but rather came to Velasquez's apartment after

the murder had already occurred, in order to assist Boalds, Warren and Mickens in re-

entering Velasquez's apartment. (Mem. Law Opp'n § 2255 Mot. Ex. C at 47, 55–56.)[3]

This Court and the Second Circuit found that Petitioner "was present only on the trip

---

[3] Q: How'd you know how to get [to Velasquez's apartment]?
A: Me and Collis Mickens followed Craig Warren in Collis Mickens' car.

. . . .
Q: Now, did you all go back to Sidney Velasquez's apartment?
A: Yes.
Q: Who went?
A: Myself, Craig Warren, Collis Mickens.

. . . .
Q: Who was at Sidney Velasquez's apartment building when [Warren] got there?
A: It was two others, [Calvin] Cole and the other guy, I don't know him . . . .
Q: Do you know what his job was supposed to be?
A: Basically to get us back into the apartment.
Q: Now, where'd you *first see* Calvin Cole and this other guy who you didn't know?
A: When I got back upstairs to the apartment.

. . . .
Q: [W]hat did Craig [Warren] tell you to do after he saw that Sidney Velasquez was dead?
A: He said that we need to find the guns and the money.

. . . .
Q: Did Calvin Cole stay and search?
A: Yes.
(Id. at 47, 55–56, 58–59 (emphasis added).)

5

back to Velasquez's apartment after the murder, during which the gun was retrieved and the robbery was completed." White, 1997 WL 279972, at *5. Boalds' testimony to the grand jury was in accordance with this finding, such that there is simply no basis for Petitioner's contention that the testimony was perjurious.[4] As no legal error or misconduct occurred, the Court cannot find that counsel's failure to raise this issue "fell below an objective standard of reasonableness" as required for a finding of ineffectiveness. Strickland, 466 U.S. at 688. Petitioner's claims relating to the purported perjury occurring during the grand jury proceedings are therefore denied.[5]

## II.    Perjury During Trial

Petitioner has alleged that government witness Collis Mickens committed perjury during trial with respect to Mickens' involvement in an earlier, unrelated murder of an individual by the name of Thomas James. (Pet. Repl. Govt. Resp. at 56–70.) Again, Petitioner has argued that his attorney was ineffective in failing to challenge Mickens' testimony. (Id.) Therefore, while the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500.

---

[4] The Court also notes that Petitioner's evidence of Boalds' unreliability appears to consist of the same affidavit and letter that this Court determined had been written by Boalds in response to threats made by Petitioner, leading the Court to apply a sentencing enhancement for obstruction of justice to Petitioner's sentence — a determination that was upheld by the Second Circuit on direct appeal. White, 113 F.3d 1230 at 6.

[5] Petitioner's associated claim that the government committed prosecutorial misconduct through knowing use of perjured grand jury testimony is also, therefore, meritless.

The Court finds that Petitioner has not satisfied either of the requirements of Strickland. First, there is no reliable evidence that Mickens' testimony actually constituted perjury. Petitioner appears to be suggesting that the murder of Thomas James never in fact occurred, and that Mickens fabricated the incident in order to confess to the murder. Petitioner has attempted to demonstrate that the murder did not occur, by searching for newspaper reports and certain records relating to the victim. The Court finds that the fact that Petitioner was unable to substantiate this murder is of little relevance since regular citizens are not generally able to conduct crime investigations; rather, that work is left to the government, which in this case avers that the murder did occur, that Mickens did plead guilty to it in federal court, and that Mickens was sentenced for this offense. (Mem. Law Opp'n § 2255 Mot. at E.) Additionally, the idea that Mickens would have fabricated a murder in order to confess to it and subject himself to severe punishment is simply extremely implausible.

As a result, the Court finds that counsel's decision not to attempt to argue that this testimony was perjury was not unreasonable, as would be required for a finding of ineffectiveness. Strickland, 466 U.S. at 688. Additionally, Petitioner himself has characterized the James murder as "unrelated" to his case, and therefore it is not clear how counsel's failure to challenge the testimony resulted in any prejudice to Petitioner, as required under the second prong of Strickland. Id. at 694. Petitioner's claims relating to this testimony are therefore denied.

7

### III. Supplemental Instruction Regarding Witnesses' Credibility

Petitioner argues that the Court erred in failing to give a supplemental instruction regarding witnesses' credibility after providing a read-back of portions of the testimony in response to the jury's request for the testimony. (Mem. Law Supp. Pet. at 7–15; Pet. Repl. Govt. Resp. at 72–74.) While this substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, Petitioner has also argued that his trial and appellate counsel was ineffective in failing to object to the lack of an instruction, and the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500.

During the trial, there were indications that certain witnesses may have been lacking in credibility. Specifically, Petitioner points to portions of the testimony including the following:

> Defense counsel: On August 16th you lied to the agents?
> Mickens: Yes.
> . . . .
> Defense counsel: You changed your story on August 16th?
> Mickens: Yes.
> . . . .
> Defense counsel: So when you told them about the Velasquez murder, the Kevin you were referring to was Calvin Cole, correct?
> Mickens: Correct.
> Defense counsel: But you were lying?
> Mickens: Yes I was.
> . . . .
> Defense counsel: [N]ow do you recall, that you were lying at the Brooklyn Bottling Company?
> Mickens: Yes.
> Defense counsel: Well, you've lied so many times you can't remember how many times. Isn't that correct?

8

(Mem. Law Supp. Pet. at 7–8.) Petitioner also quotes portions of the Boalds cross-examination in which defense counsel argues that Boalds had lied. (Id. at 9–10.)

The testimony itself clearly indicated to the jury that there were concerns regarding witness credibility, since witnesses were bluntly stating that they had been dishonest in the past. Witness credibility is always a concern when cooperating witnesses are testifying, which is why courts must instruct the jury on issues of credibility in such instances. The Court did give an accomplice witness instruction in this case, and Petitioner has not challenged that instruction — rather, Petitioner's contention is that a second, supplementary instruction was also required, to remind the jury again of the possibility of perjurious testimony.

The Court finds that since the jury was already alert to the possibility of untruthful testimony and had already been adequately instructed on the issue of witnesses' credibility, counsel's failure to request an additional, repetitive instruction on the question of witnesses' credibility was not unreasonable, as would be required for a finding of ineffectiveness. Strickland, 466 U.S. at 688. Additionally, it does not appear that the lack of an second instruction resulted in any prejudice to Petitioner, as required under the second prong of Strickland, id. at 694, since the instruction would only have repeated an admonition that the jury had already heard.[6] In short, no legal error occurred when the Court chose not to give an additional instruction or when Petitioner's counsel

---

[6] The Court notes that Petitioner has not set forth any specific prejudice that he believes resulted from the allegedly perjurious testimony, as would be required for this Court to be able to grant relief.

9

failed to request one, and Petitioner's claims on this point must therefore be denied.

## IV. Illegal Inducement to Testify Through Promises of Leniency

Petitioner originally argued that government witnesses Boalds and Mickens were illegally induced to testify through promises of leniency, in violation of 18 U.S.C. § 201, and that his attorney was ineffective for failing to move to suppress their testimony. (Mem. Law Supp. Pet. at 27–36.) Respondent pointed out that it is well-settled law that 18 U.S.C. § 201 "does not apply to the United States or to any Assistant United States Attorney acting within his or her official capacity." United States v. Stephenson, 183 F.3d 110, 118 (2d Cir. 1999). Petitioner has conceded that Respondent is correct on this point, and has abandoned the claim. (Pet. Repl. Govt. Resp. at 71.) Therefore the Court will not address this claim.

## V. Failure to File Superseding Indictment Within Thirty Days

Petitioner claims that the Court lacked jurisdiction over his case because he was not indicted in federal court until more than thirty days after his state arrest, which he argues is in violation of the Speedy Trial Act, 18 U.S.C. § 3161. Petitioner also argues that his attorney was ineffective for failing to raise this issue at trial or on appeal. (Mem. Law Supp. Pet. at 21 24.) As with Petitioner's other claims, the Court finds that the ineffectiveness claim can be considered at this stage even though the underlying jurisdictional issue would otherwise be procedurally barred due to Petitioner's failure to raise the issue at earlier stages of the proceedings. Bousley, 523 U.S. at 622–23; Massaro, 538 U.S. 500.

10

Petitioner was originally held in state custody, on state charges, and is attempting to base a Speedy Trial Act claim on the failure to file federal charges within thirty days of the beginning of his detention with in the state system. The Court finds that there was no violation of the Speedy Trial Act because the law is clear that the thirty-day time limitation is triggered only by a federal arrest, not a state arrest. United States v. Lai Ming Tanu, 589 F.2d 82, 88 (2d Cir. 1978) (noting that "a defendant does not become an 'accused' for Speedy Trial Act purposes until he is under Federal arrest"); see also United States v. Jones, 129 F.3d 718, 721 (2d Cir. 1997); United States v. Bloom, 865 F.2d 485, 490–91 (2d Cir. 1989). Since any Speedy Trial Act claim would have been meritless, counsel cannot be deemed ineffective for failing to raise it because "failure to assert a baseless claim does not fall below an objective standard of reasonableness nor prejudice the defendant." Sanchez v. United States, 2005 WL 1005159, *3 (S.D.N.Y. Apr. 30, 2005). Petitioner's claims regarding this issue are therefore denied.

## VI.    Insufficiency of Evidence

Petitioner contends that the evidence produced at trial did not support a conviction on Count Three of the indictment, but rather was only sufficient to support a conviction for breaking and entering. (Mem. Law Supp. Pet. at 36–39.) Petitioner has characterized this as a "variance in indictment" claim, but the "variance" alleged is that "[t]he evidence which was presented to the jury in the petitioner's case did not correspond to the offense charged in the indictment — accessory after the fact to murder . . . ." In other words, this claim is more accurately characterized as an insufficiency of

11

evidence claim.

The Court finds that this claim is procedurally barred because it has already been raised and litigated at trial and on appeal. "[S]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)).

This very issue was clearly considered and decided by the Second Circuit, in response to Petitioner's argument that "The evidence adduced at trial failed to prove beyond a reasonable doubt that Cole took any action with the intent to hinder or prevent the apprehension, trial or punishment of those involved in the murder of Sidney Velasquez. Rather, the evidence demonstrated that Cole arrived at the Velasquez apartment after the murder and participated in ransacking the apartment in order to steal money, guns and drugs." (Pet. App. Brief, 1996 WL 33660873 at *16.) This argument, from Petitioner's appellate brief, is nearly identical to that in his § 2255 Motion.

Contrary to Petitioner's present assertion that "the evidence against [Petitioner] . . . merely proves a robbery" (Mem. Law Supp. Pet. at 40), the Second Circuit determined that "[t]he evidence was sufficient to support [Petitioner's] conviction for being an accessory after the fact. First, the evidence showed that one of the purposes of the group's return to the apartment was to retrieve the gun with Boalds's fingerprints on it. [Petitioner] was part of that group. Second, the return trip allowed the perpetrators to make sure that Velasquez was in fact dead and would not be able to become a witness.

12

Most importantly as far as [Petitioner] is concerned, by going to the apartment, [Petitioner] aided the others in their cover-up: he was at the ready in case the group was opposed by residents or the police. Further, by participating in the search, he helped the entire operation — the cover-up and the completion of the robbery — to be effected more quickly. In sum, the jury could reasonably conclude that [Petitioner], 'knowing that an offense against the United States ha[d] been committed, receive[d], relieve[d], comfort [ed] or assist[ed] the offender[s] in order to hinder or prevent [their] apprehension, trial or punishment.'" White, 1997 WL 279972 at *6 (quoting 18 U.S.C. § 3). Moreover, the Second Circuit noted Petitioner's argument before that court that "the evidence showed merely an intent to steal but not to cover up the killing," White, 1997 WL 279972 at *5, so that it is clear that the court considered, and rejected, exactly the argument that Petitioner now wishes to relitigate.

Petitioner has attempted, as with his other claims, to present this claim in terms of ineffective assistance of counsel, arguing that counsel was ineffective in failing to move to dismiss Count Three of the superseding indictment. However, since it is clear that the arguments for dismissal would have been meritless, counsel cannot be held ineffective for failing to assert them. Sanchez, 2005 WL 1005159 at *3. Petitioner's claims relating to this issue are therefore denied.

## VII.    Prosecutorial Misconduct in Relation to the Elements of Count Three

Petitioner alleges that the government committed prosecutorial misconduct by failing to prove the existence of Petitioner's membership in a RICO enterprise in relation

to Count Three, and misleading the Court by causing the Court to disregard the necessity of proving enterprise membership. Petitioner also alleges that his attorney was ineffective in failing to argue that the government must prove enterprise membership. (Mem. Law Supp. Pet. at 21–23; Pet. Repl. Govt. Resp. at 23–26.) While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500.

Petitioner appears to be confusing the elements of Count Three, being an accessory after the fact to murder, with those of Count Two, murder in aid of racketeering. The government was indeed required to prove the existence of an enterprise for Count Two, and succeeded in proving that Petitioner's co-defendant Warren was a member of a racketeering enterprise and committed the murder in furtherance of the enterprise.

However, Petitioner was not charged with murder in aid of racketeering, but only with the accessory offense. The accessory offense does not involve enterprise membership; specifically, it is described in the United States Code as follows: "Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact." 18 U.S.C. § 3. The offense "has the following elements: '(1) the commission of an underlying offense against the United States; (2) the defendant's knowledge of that offense; and (3)

14

assistance by the defendant in order to prevent the apprehension, trial, or punishment of the offender.'" United States v. Osborn, 120 F.3d 59, 63 (7th Cir. 1997) (quoting United States v. Lepanto, 817 F.2d 1463, 1467 (10th Cir. 1987)).

The indictment properly identified the murder of Sidney Velasquez as the underlying offense for the accessory charge, and provided Petitioner with the constitutionally required notice of the charge against him and the elements of that charge. See Hamling v. United States, 418 U.S. 87 (1974). There was simply no requirement that the government plead elements beyond those listed in 18 U.S.C. § 3. Given that any argument on this point would have been legally meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159 at *3. Petitioner's claims regarding this issue are therefore denied.

## VIII. Lack of Jurisdiction over the Offense Charged in Count Three

Petitioner contends that the Court lacked subject matter jurisdiction over the offense charged in Count Three because there was no underlying offense against the United States; rather, he argues, the primary offense that the accessory count relied upon was a state offense. (Mem. Law Supp. Pet. at 24–26; Pet. Repl. Govt. Resp. at 39–44.) Petitioner argues that the murder of Sidney Velasquez was not an offense against the United States, but only against the State of New York, and therefore Petitioner cannot be held to have been an accessory to an offense against the United States. (Id. at 26.) Petitioner also points to the fact that Count One of the indictment charged various violations of the New York Penal Law. (Id.) Petitioner argues that his attorney was

15

ineffective for failing to raise the issue of lack of subject matter jurisdiction. While the substantive claim may be procedurally barred due to Petitioner's failure to raise the claim at trial or on direct appeal, Bousley, 523 U.S. at 622–23, the Court will consider Petitioner's ineffectiveness claim. Massaro, 538 U.S. 500.

Petitioner is simply wrong on this point. The accessory offense was based upon the offense of murder in aid of racketeering, not upon any other charges listed in the indictment. While it is true that murder *can* be charged as a state offense and prosecuted in state court, murder may *also* be charged as a federal offense if it is appropriately characterized as murder in aid of racketeering. Murder in aid of racketeering is beyond doubt a federal offense that falls within the jurisdiction of this Court. See 18 U.S.C. § 1959(a). The government succeeded at trial in meeting its burden of proof and demonstrating that the murder of Sidney Velasquez was a murder in aid of racketeering, and so it is clear that there was federal subject matter jurisdiction over the murder charge and the accessory charge. Because any challenge to the Court's subject matter jurisdiction would have been legally meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159 at *3. Petitioner's claims regarding this issue are therefore denied.

## IX.     Omission of the Term "Against the United States" in the Indictment and Jury Charges

Petitioner points out that the indictment and jury instructions did not include the term "against the United States" in reference to Count Three despite the fact that 18

16

U.S.C. § 3 requires that the accessory after the fact have knowledge that "an offense has been committed against the United States[.]" He argues that these omissions resulted in a conviction for an offense that was never charged in an indictment or decided by a jury. He also claims that his attorney was ineffective in failing to challenge these omissions. (Mem. Law Supp. Pet. at 40–45; Pet. Repl. Govt. Resp. at 40–42.)

Petitioner is correct that one element of the accessory offense is knowledge "that an offense against the United States has been committed[.]" 18 U.S.C. § 3. However, the indictment and jury instructions did specify that the underlying offense was the murder of Sidney Velasquez, did explain that Petitioner was charged with having acted with knowledge that this murder had occurred, and did allege that the murder was an offense against the United States since it was a murder in aid of racketeering (as explained above). Therefore, the Court finds that the indictment and jury instructions both made clear that Petitioner was charged with having acted with knowledge that murder in aid of racketeering had occurred, and therefore that an offense against the United States had been committed. This is sufficient to meet the legal requirements for specificity in the charging indictment and jury instructions. See Hamling, 418 U.S. at 117; United States v. Fitzgerald, 882 F.2d 397 (9th Cir. 1989); United States v. McLennan, 672 F.2d 239 (1st Cir. 1982). Because any arguments on this point would have been legally meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159 at *3. Petitioner's claims regarding this issue are therefore denied.

17

## X. General Lack of Federal Jurisdiction over the Charged Offenses

Petitioner contends that the state courts, not this Court, properly had jurisdiction over the charged offenses because the federal courts are courts of limited jurisdiction. (Mem. Law Supp. Pet. at 57–61.) The Court finds that this claim is meritless for the same reasons discussed above with respect to Petitioner's other claims regarding lack of jurisdiction. The fact that the state courts also have jurisdiction does not indicate that this court lacks jurisdiction, as state and federal jurisdiction may overlap. Because any arguments on this point would have been legally meritless, Petitioner's counsel cannot be held ineffective for failing to raise the claim. Sanchez, 2005 WL 1005159 at *3. Petitioner's claims regarding this issue are therefore denied.

## XI. Other Prosecutorial Misconduct

Petitioner asserts that the Government committed prosecutorial misconduct by using improper language and expressing personal opinions as to Petitioner's guilt rather than relying on the evidence against Petitioner. The Court finds that this claim is procedurally barred because Petitioner did not raise the claim at trial or on appeal and has not demonstrated "cause" and "prejudice" for failure to raise the claim earlier. In Petitioner's original memorandum of law he stated that he was alleging ineffective assistance of counsel in relation to grounds one, two, three, five, six, seven, eight, nine, and eleven, as enumerated in that document, but he did not allege ineffective assistance of counsel in relation to this claim, which was listed as ground ten in that memorandum. (Mem. Law Supp. Pet. at xiii.) The only explanation Petitioner offered for his failure to

18

raise this issue earlier was that his lack of knowledge of the law prevented him from

grasping the significance of the legal claims at an earlier stage. However, "*pro se* status

and ignorance of the law does not constitute cause." Santiago Gonzalez v. United

States. 198 F.Supp.2d 550. 554 (S.D.N.Y. 2002). Therefore the Court cannot consider

this claim. Bousley, 523 U.S. at 622–23.[7]

## XII.  Petitioner's Uncounseled Misdemeanor Conviction

Petitioner states that he was convicted in 1984 of menacing, a state misdemeanor,

and that he was denied counsel during the proceedings for this offense. He was

sentenced to one year probation, but his probation was subsequently revoked due to an

arrest for possession of stolen property and he was sentenced to a term of 18 months to 3

years incarceration for violation of probation. In other words, Petitioner states that he

was effectively sentenced to a term of incarceration for an uncounseled conviction.

Under § 4A1.1(a) of the Sentencing Guidelines, Petitioner would have received

three points towards his criminal history category for this sentence. Petitioner contends

that these points should not have been added to the criminal history calculation.

Petitioner has presented this argument in the form of an ineffective assistance of counsel

claim, stating that he advised trial and appellate counsel that his misdemeanor

---

[7.] Additionally, the Court notes that even if the claim were not procedurally barred, the language quoted by Petitioner — references to the defendants as "an 'organization; group; crew; gang; and 'military organization'" (Pet. Repl. Govt. Resp. at 77) — falls well within the range of acceptable dialogue and therefore does not demonstrate "egregious misconduct", as would be required for Petitioner to establish a due process violation. E.g., United States v. Edwards, 342 F.3d 168, 181 (2d Cir. 2003). There is also no indication that the prosecutor was expressing a personal opinion as compared to commenting on the evidence before the jury.

convictions were uncounseled and that uncounseled misdemeanor convictions should not be counted when calculating his criminal history category for sentencing, but that she failed to raise this issue at sentencing or on appeal. (Pet. Repl. Govt. Resp. at 83; Pet. Aff. Nov. 29, 2000.)

Petitioner is correct that uncounseled misdemeanor sentences resulting in incarceration, including incarceration imposed after revocation of a defendant's probation, should be excluded from criminal history calculations. U.S. v. Ortega, 94 F.3d 764, 771 (2d Cir. 1996). However, the Court finds that the evidence presently available is insufficient to determine whether Petitioner's claim is meritorious, because there is no record available to indicate that Petitioner was actually denied access to counsel when he was convicted on these misdemeanor charges, or that Petitioner was incarcerated on the misdemeanor charges. Petitioner avers that he can provide the Court with the documentation to substantiate his claim. He is therefore directed to provide the Court with copies of this documentation, as well as any supporting evidence to substantiate his ineffective assistance claim, within thirty (30) days of the date that this Order is entered into the record.

The Court also finds that Petitioner's trial counsel should be given the opportunity to respond to Petitioner's claims regarding her representation, as recommended by the Second Circuit. Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998) (stating that "a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly

20

ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs.")  Counsel shall have until thirty (30) days after receiving this Order to respond to Petitioner's allegations in the form of an affidavit or brief.

## XIII.  Petitioner's _Blakely_ Claim

Petitioner asserts that his sentence was imposed in violation of the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004).  The Supreme Court decided <u>Blakely</u> on June 24, 2004.  <u>Blakely</u> does not apply retroactively to either first or successive § 2255 motions, as <u>Blakely</u> announced a procedural rule that does not fall within either of the exceptions defined in <u>Teague v. Lane</u>, 489 U.S. 288 (1989). <u>See, e.g.</u>, <u>Green v. U.S.</u>, No. 04-6564, 2005 WL 237204 (2d Cir. 2005) (denying authorization to file a second or successive habeas petition under 28 U.S.C. § 2255 because <u>Blakely</u> did not establish a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review): <u>Carmona v. United States</u>, 390 F.3d 200, 202 (2d Cir. 2004) ("To date, the Supreme Court has not . . . announced <u>Blakely</u> to be a new rule of constitutional law, nor has the Court held it to apply retroactively on collateral review."); <u>Warren v. United States</u>, No. 3:01 CV 179, 2005 WL 165385, *10 (D.Conn. Jan. 25, 2005); <u>Garcia v. United States</u>, No. 04-CV-0465, 2004 WL 1752588, *5 (N.D.N.Y. Aug. 4, 2004); <u>Bishop v. United States</u>, No. 04 Civ. 3633, 2004 WL 2516715, *10 n.8 (S.D.N.Y. Nov. 8, 2004). Petitioner is therefore only eligible for relief under <u>Blakely</u> if his conviction became final after June 24, 2004.

21

For the purposes of 28 U.S.C. § 2255, a conviction becomes "final" when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. <u>Clay v. United States</u>, 537 U.S. 522 (2003). In the present case, Petitioner's conviction became final on April 20, 1998, when the Supreme Court denied his petition for a writ of certiorari. This Court therefore cannot apply <u>Blakely</u> retroactively to Petitioner's claim regarding his sentence.

## CONCLUSION

For the reasons stated herein, the Court reserves judgment on Ground Twelve of the petition pending a response from Petitioner's trial counsel, Donna Newman, and further evidentiary submissions from Petitioner. Petitioner's other claims are DENIED.

SO ORDERED.

Dated:   May 31 , 2005
         Brooklyn, NY

s/SJ

Senior U.S.D.J.

22