UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
CALVIN COLE,

                 Petitioner,                 98 CV 7670 (SJ)

  -against-                          MEMORANDUM
                                           AND ORDER

UNITED STATES of AMERICA,

                 Respondent.
----------------------------------------------X



APPEARANCES

CALVIN COLE
# 50244-053
USP Allenwood
P.O. Box 3000
White Deer, PA 17887-3000
Petitioner, *Pro Se*

DONNA NEWMAN, ESQ.
121 West 27th Street
Suite 1103
New York, NY 10001
Trial counsel for Petitioner

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201
By:    Peter Norling, Esq.
Attorney for Respondent


JOHNSON, Senior District Judge:

      Petitioner Calvin Cole ("Petitioner"), acting *pro se,* brought a petition for a writ
P-049

of habeas corpus, pursuant to 28 U.S.C. § 2255, challenging his jury conviction and the sentence imposed by this Court. In a Memorandum and Order dated May 31, 2005 ("May 31, 2005 Order"), the Court denied all of Petitioner's §2255 claims except for Ground Twelve, which alleged that an uncounseled misdemeanor conviction was improperly included in the criminal history category calculation used for sentencing purposes and that his attorney's failure to raise this issue at sentencing and upon appeal constituted ineffective assistance of counsel, and reserved judgment. On July 8, 2005, Petitioner timely[1] filed a Motion for Reconsideration of the May 31, 2005 Order pursuant to Federal Rules of Civil Procedure 52(b) and 59(e) ("July 8, 2005 Motion"). In a Memorandum and Order dated August 23, 2005 ("August 23, 2005 Order"), the Court denied Petitioner's § 2255 petition with respect to Ground Twelve. Petitioner subsequently filed another timely[2] Motion for Reconsideration on September 14, 2005

---

[1] Both Rule 52(b) and Rule 59(e) require filing no later than 10 days after entry of the judgment. The Court's May 31, 2005 Order was entered on June 20, 2005. Petitioner's July 8, 2005 Motion was entered on July 18, 2005, but was dated July 8, 2005. Using the computation rules provided in Federal Rule of Civil Procedure 6(a), motions for reconsideration under Rules 52(b) and 59(e) would have been due no later than July 5, 2005, 10 business days from the date that the May 31, 2005 Order was entered. Under the general "prison mailbox rule," Petitioner's July 8, 2005 Motion was untimely. Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001) (applying to habeas petition proceedings the Supreme Court holding in Houston v. Lack, 487 U.S. 266 (1988), "that a prisoner appearing pro se satisfies the time limit for filing a notice of appeal if he delivers the notice to prison officials within the time specified."); see also United States v. Duke, 50 F.3d 571, 575 (8th Cir. 1995). However, Petitioner has satisfied the Court through his submissions that his delayed filing was primarily due to the erroneous mailing address used by this Court on its May 31, 2005 Order. Petitioner avers that, as a result of this error, he received the May 31, 2005 Order on June 29, 2005, which compromised his ability to make a timely filing. Given the Court's role in Petitioner's delay, and the fact that his ultimate submission did not fall far beyond the statutory deadline, Court hereby finds that Petitioner's July 8, 2005 Motion for Reconsideration is timely.

[2] The timeliness computation described in footnote 1, supra, applies with equal force here. The Court's August 23, 2005 Order was entered on September 8, 2005. Petitioner's September 14, 2005 Motion was entered on September 19, 2005, but was dated September 14, 2005. Using the computation rules provided

2

("September 14, 2005 Motion") in response to the August 23, 2005 Order.

Having carefully reviewed its prior decisions and Petitioner's submissions, the Court finds that no grounds exist for granting Petitioner's July 8, 2005 or September 14, 2005 Motions. For the reasons stated herein, Petitioner's Motions for Reconsideration as to both the Court's May 31, 2005 and the August 23, 2005 Orders are hereby DENIED.

## BACKGROUND

Petitioner was convicted on May 10, 1996 of being an accessory after the fact to murder, in violation of 18 U.S.C. § 3 (Count Three of the indictment), conspiring and attempting to obstruct commerce by robbery, and using and carrying a firearm during those offenses, in violation of 18 U.S.C. §§ 1951 and 924(c) (Counts Seven, Eight, and Nine). U.S. v. White et al., 113 F.3d 1230, 1997 WL 279972 (2d Cir. 1997). The Court sentenced him to 270 months imprisonment, three years supervised release, and a $200 special assessment. Id. The charges stemmed from the murder of an individual by the name of Sidney Velasquez and a number of robberies or attempted robberies. Id.

Familiarity with the extensive facts related to the underlying criminal conviction and sentence, as well as the Court's May 31, 2005 and August 23, 2005 Orders denying the instant petition for habeas corpus, is assumed. See United States v. Cole, Docket

---

in Federal Rule of Civil Procedure 6(a), motions for reconsideration under Rules 52(b) and 59(e) would have been due no later than September 22, 2005, 10 business days after the August 23, 2005 Order was entered. Under the general "prison mailbox rule," Petitioner's September 14, 2005 Motion was timely. Noble, 246 F. 3d at 97-98.

3

No. 94 CR 0802 (Amended Judgment entered on May 10, 1996); Cole v. United States, Docket No. 98 CV 7670 (Memorandum & Order dated May 31, 2005, denying 12 out of the 13 claims included in Petitioner's habeas petition and reserving judgment on Ground Twelve); Docket No. 98 CV 7670 (Memorandum & Order dated August 23, 2005, denying habeas relief as to Ground Twelve).

## DISCUSSION

Petitioner's *pro se* status entitles his submissions to be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Accordingly, courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) ("It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to.").

Although both the July 8, 2005 and September 8, 2005 Motions are timely, none of the arguments included therein provides viable ground for this Court to alter or amend its findings of fact or its judgments.

**I.    Rules 52(b) and 59(e)**

Federal Rule of Civil Procdure 52(b) gives the Court discretion to amend its

4

P-049

findings or to make additional findings, and amend its judgment accordingly. See Fed. R. Civ. P. 52(b). Rule 59(e) authorizes the Court to alter or amend a judgment at its discretion. See Fed. R. Civ. 59(e). A district court may grant a Rule 52(b) or a Rule 59(e) motion to "correct manifest errors of law or fact at trial." Muyet v. United States, No. 01 CV 9371, 2005 U.S. Dist. LEXIS 10997, *1, *5 (S.D.N.Y. June 6, 2005) (citations omitted). The standard for granting a motion for reconsideration is strict; "reconsideration will be denied unless the moving party can point to controlling decisions or data that the court overlooked [] that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). A party may not advance a new argument in a motion to reconsider. See Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'") (citation omitted)). Further, a moving party may not merely reiterate or repackage an argument previously rejected by the court. See Resource N.E. of Long Island v. Town of Babylon, 80 F. Supp. 2d 52, 64 (E.D.N.Y. 2000) (A motion to reconsider "is not a vehicle to reargue those issues already considered when a party does not like the way the original motion was resolved.").

II.     July 8, 2005 Motion for Reconsideration

5

In his July 8, 2005 Motion, Petitioner requested reconsideration of the May 31, 2005 Order by reiterating his arguments regarding (1) the alleged perjurious testimony of co-defendant Derrick Boalds during grand jury proceedings and associated prosecutorial misconduct and ineffective assistance of counsel (Ground One); (2) the alleged perjurious testimony of Collis Mickens during trial and associated prosecutorial misconduct and ineffective assistance of counsel (Ground Two); and (3) prosecutorial misconduct with respect to the elements of the crime of accessory after the fact to murder, as charged in Count Three (Ground Seven). Petitioner also contends that the Court improperly characterized his claim for failure to indict within 30 days of arrest, as required by the Speedy Trial Act, 18 U.S.C. § 3161 (Ground Five), as one relating to a state arrest rather than a federal arrest.

The Court determined in its May 31, 2005 Order that Petitioner's arguments for Grounds One, Two, and Seven of its § 2255 motion are meritless. Petitioner does not indicate any controlling legal authority that necessitates this Court's further review of these claims.

With respect to Ground Five, Petitioner asserts that the Court misconstrued his argument that he was not indicted by the Government until more than 30 days after his arrest, in violation of the Speedy Trial Act, 18 U.S.C. § 3161(b). In its May 31, 2005 Order, this Court characterized Petitioner's allegations as the Government's failure to indict him after his *state* arrest for attempted robbery within the statutory time limits.

6

Accordingly, the Court held that the Speedy Trial Act was not violated "because the law is clear that the thirty-day time limitation is triggered only by a federal arrest, not a state arrest." (May 31, 2005 Order at 11)

However, Petitioner avers that the arrest giving rise to the purported Speedy Trial Act violations was not a state arrest for attempted robbery, but a *federal* arrest that occurred on August 19, 1994. (Pet'r Mot. under 28 U.S.C. § 2255 at 5-5; Pet'r July 8, 2005 Mot. Recons. at 18). The Court's review of the underlying criminal docket confirms that Petitioner was in fact taken into federal custody on August 19, 1994 as a result of a federal indictment issued on August 1, 1994. Therefore, this Court agrees that Petitioner's Speedy Trial Act claims relate to a federal arrest and not a state arrest.

Notwithstanding this clarification, Petitioner's motion for reconsideration of Ground Five still fails. First, this Court's review of the docket related to Petitioner's underlying criminal conviction leads it to conclude that the contested superseding indictment in question was, contrary to Petitioner's assertion, timely. Under the Speedy Trial Act, a court may grant periods of repose most widely known as "excludable delays" for reasons such as plea negotiations, pre-trial motions, and mental competency examinations. See 18 U.S.C. § 3161(h). These periods of excludable delay effectively stop the speedy trial "clock," that is, the statutory time limits provided in the Speed Trial Act for various phases of a criminal case.

In Petitioner's criminal case, the first indictment was issued on August 1, 1994

7

P-049

and Petitioner was arrested and arraigned on August 19, 1994, a time lapse that clearly complies with the Speedy Trial Act's 30-day indictment limitation period. See United States v. Cole, Docket No. 94 CR 802, Entry 1, 13. Subsequent to Petitioner's arrest, the superseding indictment in question was issued on October 31, 1994. Id. at Entry 34. The total amount of time that elapsed between Petitioner's arrest and arraignment and the date of the superseding indictment was 74 days, which at first blush, would appear to violate the Speedy Trial Act. See United States v. Cole, Docket No. 94 CR 802, Entry 13, 34.

However, Petitioner fails to observe that the Court properly granted two periods of excludable delay during this 74-day period, which effectively increased the time frame within which the Government could issue its superseding indictment and remain in compliance with the Speedy Trial Act. The first period of excludable delay was from August 25, 1994 to September 14, 1994, Id. at Entry 20, for a total of 21 days and for the purposes of allowing counsel for Petitioner's co-defendant to file pre-trial motions as allowed by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(F). The second period of excludable delay was from October 4, 1994 to November 2, 1994, Id. at Entry 28, for a total of 30 days and for the purposes of allowing all defense counsel to file pre-trial motions. See 18 U.S.C. § 3161(h)(1)(F). For the purposes of evaluating (and calculating) Petitioner's Speedy Trial Act claims, the relevant portion of the excludable delay period ended on the date of the superseding indictment and, therefore, was 28

P-049

days. After subtracting the sum of the relevant periods of excludable delay (49 days) from the 74-day period during which Petitioner was incarcerated prior to the superseding indictment, the Court concludes that only 27 out of the 30 days available for indictment had expired. Therefore, the superseding indictment at issue was in fact timely.

Accordingly, Petitioner's July 8, 2005 Motion is denied in its entirety.

## II.     September 14, 2005 Motion for Reconsideration

In his September 8, 2005 Motion, Petitioner asserted that this Court's sua sponte denial of a certificate of appealability ("COA") for the instant habeas petition was improper. Petitioner also reiterated his contention that an uncounseled misdemeanor conviction was improperly included in the criminal history category calculation used during his sentencing, and that his attorney's failure to raise this issue at sentencing and upon appeal constituted ineffective assistance of counsel.

First, Petitioner's argument that this Court's sua sponte denial of a COA for his habeas petition, in violation of Federal Rule of Appellate Procedure 22, is unsupported by precedent in the United States Court of Appeals for the Second Circuit ("Second Circuit"). The Federal Rules of Appellate Procedure provide that, in 28 U.S.C. § 2255, the district judge that rendered the habeas petition judgment must decide whether to issue a COA if an applicant files a notice of appeal. Fed. R. App. P. 22(b). Interpreting the federal rule, Petitioner contends that this Court is required to wait for him to file a

9

notice of appeal before deciding whether a COA should issue.

While the Second Circuit has not expressly addressed this question, several courts in the Eastern District of New York have similarly denied COAs sua sponte when petitioners' habeas petitions failed to make a substantial showing of the denial of a constitutional right. See, e.g., Zapata v. United States, No. 00 CV 6736, 2001 U.S. Dist. LEXIS 14222, *1 (E.D.N.Y. Aug. 22, 2001); Jolaoso v. United States, 142 F. Supp. 2d 306 (E.D.N.Y. 2001); Ming v. United States, 99 CV 3873, 2001 U.S. Dist. LEXIS 610, *1 (E.D.N.Y. Jan. 18, 2001). Second, as a general matter, district courts in the Second Circuit have adopted the belief that "a district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court." Muyet, 2005 U.S. Dist. LEXIS 10997, at *6 (citations omitted).

Petitioner, relying on Miller-El v. Cockrell, 537 U.S. 322, 342 (2003), further asserts that this Court must hold separate proceedings before deciding whether issuing a COA is appropriate. However, Petitioner's reliance on Miller-El for this proposition is misplaced. As noted in Muyet, the "separate proceeding" alluded to in Miller-El does not refer to the relationship between a § 2255 motion and the denial of a COA. Muyet, 2005 U.S. Dist. LEXIS 10997, at * 7. Instead, the Miller-El court held that the consideration underlying a COA is the "debatability of the underlying constitutional claim, not the resolution of that debate." Id. (quoting Miller-El, 537 U.S. at 342). A

P-049

district court's COA inquiry is itself, therefore, a "separate proceeding" that does not turn on the substance of a potential or actual § 2255 appeal. Id. Following this reasoning, the Miller-El Court held that a lower court's denial of a COA based solely on the court's determination that petitioner is unlikely to prevail on appeal is improper. Id. (quoting Miller-El, 537 U.S. at 337)

This Court's denial of a COA for Petitioner's § 2255 motion is easily distinguished from the Miller-El precedent. In the instant case, this Court denied a COA because Petitioner failed to make a "substantial showing of the denial of a constitutional right in this case." (August 23, 2005 Order at 4) This Court appropriately did not consider the likelihood of Petitioner's success on appeal; therefore, Miller-El, remains inapplicable and does not preclude the Court's denial of a COA in this action.

In a final effort to cast doubt on the Court's denial of a COA, Petitioner cites to Lozado v. United States, 107 F. 3d 1011, 1017 (2d Cir. 1997), and argues that he should be "afforded an opportunity to make a substantial showing initially in the district court in seeking a COA" in order to appeal the denial of a habeas petition. (Pet'r September 14, 2005 Mot. Recons. at 4) However, neither the reasoning nor the holding of Lozado supports his argument. Specifically, the Lozado court held that federal district judges have the authority to issue COAs and that issues of constitutionality relevant to a COA determination are usually raised in the course of the habeas petition itself. Lozado, 107 F.3d at 1016-17. This Court's sua sponte denial of Petitioner's COA does not constitute

11

a manifest error of law or fact and, therefore, provides an insufficient basis for this Court to grant Petitioner's September 14, 2005 Motion.

As a separate ground for reconsideration, Petitioner reiterates his contention that an uncounseled misdemeanor conviction was improperly included in the criminal history category calculation used for sentencing purposes, and that his attorney's failure to raise this issue at sentencing and upon appeal constituted ineffective assistance of counsel (Ground Twelve). The Court's August 23, 2005 Order rejected these particular arguments as meritless. Petitioner's September 14, 2005 Motion does not provide any controlling legal authority that necessitates reconsideration of the Court's previous decision. Therefore, the Court will not amend its judgment with respect to Ground Twelve.

Finally, Petitioner claims that this Court should reconsider its denial of the instant habeas petition because the Court "failed to rule upon Petitioner's discovery motion concerning the Thomas James murder" prior to rendering a decision. (Pet'r. September 14, 2005 Mot. Recons. at 2) Habeas corpus rules provide that a § 2255 petitioner is entitled to undertake discovery only when the judge, in the exercise of his or her discretion and for good cause shown, grants leave to do so, but not otherwise. See Rule 6(a), (b), Rules Governing 28 U.S.C. § 2255; Czernicki v. United States, 270 F. Supp. 2d 391, 395 (S.D.N.Y. 2003).

Petitioner's discovery request related solely to the murder of Thomas James and

P-049

included requests for items such as "autopsy reports, death certificates, and crime scene pictures." (Pet'r Mot. for Discov. at 3) Petitioner seemingly requests these materials in an effort to prove that the proffered murder never took place, that the cooperating witness that testified regarding the murder gave perjurious testimony at the criminal trial; and that Petitioner's counsel was ineffective in failing to challenge such perjury. (May 31, 2005 Order at 7) Although no formal ruling was issued, this Court considered Petitioner's discovery request because the May 31, 2005 Order observed that Petitioner was "searching for newspaper reports and certain records related to the [murder] victim." Id. After making this observation, the Court opined that Petitioner's inability to substantiate the Thomas James murder was irrelevant, as that is a responsibility that falls within the purview of the government and not regular citizens. Id. The Court further determined, as a result of Petitioner's characterization, that the Thomas James murder was unrelated to Petitioner's underlying criminal case. Id. Given that the matter is unrelated, this Court finds that Petitioner's inability to conduct discovery regarding the Thomas James murder was not prejudicial. See id.

In light of the broad discretion granted to district courts considering discovery requests in § 2255 proceedings, this Court's failure to rule independently on Petitioner's motion for discovery, and the absence of any prejudice, does not warrant a modification of this Court's judgments.

In sum, Petitioner's September 14, 2005 Motion is denied in its entirety.

P-049

## CONCLUSION

For the reasons stated herein, Petitioner's motion for reconsideration of this Court's May 31, 2005 Order, denying the §2255 motion with exception of Ground Twelve and reserving judgment on such ground is hereby DENIED. Petitioner's motion for reconsideration of the August 23, 2005 order, denying Ground Twelve of the §2255 motion and denying a certificate of appealability, is hereby DENIED.


SO ORDERED.

Dated: December 7, 2005
      Brooklyn, New York

                                             Senior U.S.D.J.